# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X
JOSEPH ROSE, individually and on behalf of all other persons similarly situated,

       Plaintiffs,

- against -

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, NORTHWESTERN MUTUAL INVESTMENT SERVICES LLC, and any related entities,

       Defendants.

------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
**COUNTY OF NASSAU**
as the place of trial

The basis of the venue is
**PLAINTIFF'S PLACE OF RESIDENCE**

To the above named defendants:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
   May 2, 2014

                Attorney(s) for Plaintiffs

                LEEDS BROWN LAW, P.C.
                One Old Country Road, Suite 347
                Carle Place, New York 11514
                (516) 873-9550

                and

                VIRGINIA & AMBINDER, LLP
                111 Broadway, Suite 1403
                New York, New York 10006
                (212) 943-9080

TO:     NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY
        720 East Wisconsin Avenue
        Milwaukee, Wisconsin 53202

        NORTHWESTERN MUTUAL INVESTMENT SERVICES LLC,
        720 East Wisconsin Avenue
        Milwaukee, Wisconsin 53202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOSEPH ROSE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, NORTHWESTERN MUTUAL INVESTMENT SERVICES LLC, and any related entities,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, by their attorneys, Leeds Brown Law, P.C. and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### **PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("NYLL") § 190 *et seq.*, NYLL § 650 *et seq.*; 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1 and 12 NYCRR § 142.2, to recover unpaid wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, NORTHWESTERN MUTUAL INVESTMENT SERVICES LLC, and any related entities ("Defendants").

2. Beginning in May 2008 and continuing through the present, Defendants employed numerous individuals to perform services and duties related to selling and market financial products, including placing cold calls, developing marketing strategies, communicating with customers, generating leads and other similar tasks.

3. Beginning in May 2008 and continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants in the business of selling securities or training to be in the business of selling financial products and/or insurance products.

4. Beginning in May 2008 and continuing through the present, Defendants have engaged in a policy and practice of wrongfully classifying Plaintiff and others similarly situated workers as exempt from minimum wage and overtime compensation.

5. As a result of Defendant's misclassification, beginning in approximately May 2008 and continuing through the present, Defendant has engaged in a policy and practice of failing to pay minimum wage and overtime compensation to Plaintiff and other similarly situated workers.

6. Defendants instituted this practice of depriving the Plaintiffs of the basic compensation for work performed as mandated by state law.

7. Plaintiff has initiated this action, on behalf of himself and other individuals similarly situated, seeking all compensation, including minimum wages and overtime compensation that each employee was deprived of, plus interest, attorneys' fees and costs.

## THE PARTIES

8. Plaintiff JOSEPH ROSE is an individual who is a resident of Nassau County, New York.

9. Plaintiff JOSEPH ROSE was employed by Defendants as a Financial Sales Representative in New York from approximately May 2010 until November 2010.

10. Plaintiff JOSEPH ROSE worked in three of Defendants' offices in New York

including New York City, White Plains, and Poughkeepsie.

11.     Upon information and belief, Defendant NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY is a domestic company organized and existing under the laws of the State of New York, with a principal place of business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin, and that Northwestern Mutual Financial Network is a service mark owned by Northwestern Mutual (Service Mark Registration No. 2530436) and is not a corporation, partnership or other type of legal entity.

12.     Upon information and belief, Defendant NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC, is a domestic company organized and existing under the laws of the State of New York, with a principal place of business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin.

13.     Defendants are engaged in the insurance business, as that term is defined in Article 11 of the New York Insurance Law, § 1101 *et seq.*

## CLASS ALLEGATIONS

14.     This action is properly brought as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules, on behalf of Plaintiff and all similarly situated individuals employed by Defendants engaged in or training to engage in selling and attempting to sell securities and/or insurance within the State of New York between May 2008 and the date of final judgment in this matter (the "Class Period").

15.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether Defendants failed to pay Plaintiffs and members of the putative class

all earned wages; (2) whether the Defendants improperly classified Plaintiffs and members of the putative class as exempt from overtime; (3) whether the Defendants required Plaintiffs and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week in violation of state law.

16. The claims of the named Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay all earned wages, misclassifying their employees as exempt, and of refusing to pay employees overtime and minimum wages. Plaintiff and the putative class members thus have sustained similar injuries as a result of the Defendants' actions.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant. Upon information and belief, there are more than 50 members of the Class.

18. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to some or all of the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendant's New York state-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts to each Class member. Plaintiff and other Class members sustained similar losses, injuries,

and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

20. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

## FACTS

22. Plaintiff and all members of the putative class constitute "employees" as that term is defined under Labor Law including § 190 et seq., § 650 et seq., and case law interpreting the same.

23. Defendants unlawfully denied Plaintiff and putative class members minimum wage for all hours worked and overtime wages for all hours worked above 40 in a given work week.

24. While working for Defendants, Plaintiff JOSEPH ROSE, and, upon information and belief, the other putative class members, were not paid any hourly rate for the hours they worked.

25. While working for Defendants, Plaintiff, and, upon information and belief, putative class members were paid only by commissions.

26. Plaintiff and, upon information and belief, other members of the class worked for Defendants in excess of forty (40) hours in certain weeks without receiving compensation at time and one half their regularly hourly rate for all hours worked above 40 in a given work week.

27. Plaintiff ROSE regularly worked 45 to 55 hours per week at the White Plains and New York City offices, and subsequently he regularly 20 to 30 hours per week at the Poughkeepsie office.

28. During weeks in which they worked more than forty (40) hours, Defendants failed to pay Plaintiffs and other members of the putative class overtime compensation at the rate of time and one half their regular rate of pay.

## FIRST CAUSE OF ACTION
### New York State Minimum Wage Claim

1. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

2. As persons employed for hire by Defendants, Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651.

3. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

4. Pursuant to New York Labor Law §§ 650 *et seq.*, as an entity that hired Plaintiff and other members of the putative class, Defendants constitute an "employer."

5. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

6. In failing to pay Plaintiff and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650 *et seq.* and 663, and the supporting Department of Labor regulations.

7. Upon information and belief, Defendants' failure to pay Plaintiff and other members of the putative class minimum wages was willful.

8. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663 and supporting Department of Labor regulations, and are liable to Plaintiff and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

9. Defendant did not pay Plaintiff minimum wage for all hours worked.

10. Plaintiff ROSE was paid only by commissions. However, Plaintiff ROSE received only two partial commissions during his entire tenure.

11. As a result of Defendant's violations of the NYLL, Plaintiff and the putative class member are entitled to recover their respective unpaid compensation, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### New York Overtime

12. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate…."

13. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and

such reasonable attorney's fees."

14. Upon information and belief, Plaintiff and other members of the putative class worked more than 40 hours a week while working for Defendants.

15. Plaintiff ROSE regularly worked between 45 and 55 hours per week when he was employed at the White Plains and New York City office locations.

16. Plaintiff ROSE did not receive compensation of any type other than his two partial commissions when he worked over 40 hours in a given work week.

17. Upon information and belief, Plaintiff and other members of the putative class did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

18. Consequently, by failing to pay to Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

19. Upon information and belief, Defendants' failure to pay overtime compensation to the Plaintiff and members of the putative class was willful.

20. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, requests judgment as follows:

(1) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) any other equitable and further relief the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of actions and claims with respect to which he has a right to a jury trial.

Dated: Carle Place, New York
       May 1, 2014

By: /s/
    Michael A. Tompkins, Esq.
    Jeffrey K. Brown, Esq.
    LEEDS BROWN LAW, P.C.
    1 Old Country Road, Suite 347
    Carle Place, New York 11514
    (516) 873-9550

    -and-

    Lloyd Ambinder, Esq.
    VIRGINIA & AMBINDER, LLP
    111 Broadway, Suite 1403
    New York, New York 10006
    (212) 943-9080

    *Attorneys for Plaintiff and Putative Class*